# CIRCUIT COURT OF BALTIMORE CITY.

Filed October 9, 1926.

F. HENRY MAISCH
VS.
THOMAS MACKENZIE, SUBSTITUTED TRUSTEE.

*Hennighausen & Stein* for complainant.

*Thomas Mackenzie* for defendant.

FRANK, J.—

The bill of complaint in this cause prays a decree requiring the defendant to convey the reversion and fee in the lot of ground described and to extinguish the annual rent of $32.00 issuing out of said lot, in accordance with the provisions of the original lease. The clause of the lease, upon which claim to relief is based, reads as follows: "And the President and Directors of the Commercial and Farmers Bank of Baltimore doth also covenant to and with the said Lawrence Rieger and his assigns that on payment of said lessee or his assigns at any time of the sum of five hundred and thirty-three dollars and thirty-three cents together with all arrearages of rent and proportion of the accruing rent shall receive a deed for said premises so as to hold the same free and clear of the above rent and every part thereof in fee simple." The defendant contends that, inasmuch as this covenant is made by the lessor, and is not expressly stated to be made on behalf of the lessor's assigns, it was intended to be a mere personal covenant of the lessor and as such enforceable by the lessee or his assigns only as against the original lessor. The leasehold and the reversion have by mesne conveyances passed from the original parties to the lease to the respective parties hereto. The other covenants of the lessor are two in number; one a covenant of special warranty and the other a covenant of perpetual renewal. The covenant of special warranty, like the above recited covenant for redemption, also is made only in the name of the lessor. The covenant of perpetual renewal is made by the lessor on behalf of itself and its assigns.

There can be no doubt that the covenant for redemption in Maryland is regarded as a covenant running with the land.

Hollander vs. Central Metal Co., 109 Md. 133, 156, 157. And, as a consequence, to quote the language of the decision in the case just cited: "A Court of equity will decree specific performance, not only as between the parties to the contract, but, in the absence of intervening equities controlling its conscience, also as between those claiming under them in privity of estate." The only circumstance, therefore, that creates a doubt as to the right of the plaintiff to the relief here sought grows out of the failure of the lessor to state in its covenant that its agreement to permit the redemption of the ground is made on behalf of its assigns as well as of itself. This failure, as we have seen, applies also to the covenant of special warranty. I can not attribute to the absence of these words an intention on the part of the parties to confine the covenants of further assurance and of redemption only to the obligation of the original lessor. "Wherever, and

without regard to the form and technical character of the contract, performance of a covenant in respect to lands would have decreed between the parties to it, it will, in the absence of controlling intervening equities, 'be decreed as between persons claiming under them in privity of estate, or of representation, or of title.' "

Hollander vs. Central Metal Co., supra, at page 154.

I shall sign a decree in accordance with the relief prayed.